## SAM H. FOGEL v. THE STATE.

No. 16269. Delivered February 28, 1934.
Reported in 68 S. W. (2d) 1042.

The opinion states the case.

*Everette B. Parks* and *Baskett & De Lee,* all of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted on an information charging him with the offense of seriously threatening to take the life of a human being and to inflict serious bodily injury upon a human being, to-wit, Mary Bennett, and his punishment assessed at 30 days in jail and a fine of $500.00.

The testimony adduced by the state shows that Miss Mary

Bennett some time in the month of September or October, 1932, borrowed some money from the defendant which she agreed to repay by installments within a specified time, and when she did not meet her obligation promptly the appellant called her over the telephone on several occasions reminding her of her obligation and her failure to meet her promise. On Wednesday, the 11th day of January, 1933, he again called her and told her that she was getting cancerous and if she did not bring the money to his office by 4:30 P. M. Friday he would come down there to where she was at work the next morning and do her like the doctors do a cancer: "cut the money out of her hide." The testimony further shows that at the conclusion of said conversation the witness called Miss Mildred Douglas, an attorney at law, and conferred with her and then the two proceeded to the office of the district attorney where the complaint was filed against the defendant.

The defendant testifying in his own behalf admitted making the loan to Miss Bennett and his efforts to collect the same and that on the occasion in question he told her that he thought she was getting cancerous, but denied threatening to inflict any serious bodily injury upon her or to take her life.

By bill of exception No. 1 appellant complains of the action of the trial court in refusing to sustain his motion to quash the information. The information contains four counts and we have reached the conclusion that the second and third counts in the information are sufficiently certain and definite to charge the offense under article 1265, Penal Code.

By bill of exception No. 3 the appellant complains of the action of the trial court in permitting the state to prove by Miss Bennett that she borrowed $50.00 from the defendant but gave him a note for $75.00 payable in six months, that the $25.00 was for interest. The court qualified said bill by his qualification shows that when the question was propounded to Miss Bennett by the district attorney, 'How much did you owe?", the appellant objected, and the district attorney then propounded the following question: "In other words you paid $25.00 to get $50.00?", to which the witness answered, "Yes sir"; whereupon defendant again objected because the answer was irrelevant and immaterial and he asked that the same be stricken out, which was overruled.

By bill of exception No. 4 appellant complains of the action of the trial court in permitting the district attorney to prove by the defendant on cross-examination that the amount of money he let her have was $50.00 and the amount he was to receive in return was $76.50, $26.50 in interest for six months,

to which the appellant objected because it was immaterial irrelevant, inflammatory, and prejudicial, which objection was overruled. The court qualified this bill in the following language: "The matter of interest was gone into by the defendant when he testified on direct examination as follows: 'I told her we made you a loan and haven't made a nickel off of you. Don't you know we can't just pitch off money? I said we would like to have our money back. I don't want any interest on this. Give me only our money. Forget the interest. Give me the principal and I will call it square.'" The appellant objected to the action of the district attorney in proving that he charged her $26.50 as interest because the same was immaterial, irrelevant, inflammatory, and prejudicial.

We believe that the appellant's position is well taken in that the testimony as set out in bills of exception Nos. 3 and 4 was irrelevant and immaterial in that it fails to throw any light upon the matter charged in the information; that it was prejudicial is self-evident. It merely had a tendency to show that the appellant was a Shylock, that he made an unconscionable contract with Miss Bennett and charged her usurious interest. This apparently did not enlighten the jury on the question of whether he had made a serious threat to inflict serious bodily injury or to take the life of Miss Bennett, but only tended to prejudice the jury against the appellant. From reading the record before us it appears that the trial of this case was a fair reproduction of the characters depicted by Shakespeare in his Merchant of Venice. There was Shylock demanding his pound of flesh and it seems that Portia was also present.

By bill of exception No. 5 appellant complains of the action of the trial court in permitting the state to prove by Miss Bennett that her father was dead, to which the appellant objected because the same was immaterial, irrelevant, and inflammatory, which objection was by the court overruled. We are not advised what light this matter threw upon the question as to whether the appellant made a serious threat to inflict serious bodily injury upon or take the life of Miss Bennett, and we cannot imagine for what purpose this matter was introduced in evidence unless it was for the purpose of arousing the sympathy of the jury in favor of Miss Bennett and prejudicing the rights of the defendant. We believe that the court erred in not sustaining the appellants' objection to said testimony.

It can hardly be said that in view of the fact that this irrelevant, immaterial, and prejudicial testimony, as shown in bills of exception 3, 4, and 5, was permitted to be introduced

and considered by the jury that the defendant had a fair trial. The sufficiency of the testimony under the rule laid down in the case of Haynie v. State, 2 Texas App., 168, also raises a very serious question.

For the errors hereinabove pointed out, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.